FILED
2022 MAR 28 PM 2:24
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ORANGE WHIP FITNESS X, LLC et. al.,<br><br>Defendants. | **ORDER GRANTING IN PART MOTION TO DISMISS AND ORDER FOR ADDITIONAL BRIEFING**<br><br>Case No. 1:21-cv-00054-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings (ECF 25). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants Orange Whip Fitness, LLC (Orange Whip), Jimmy Hack Golf, LLC (Jimmy Hack Golf), Golf Fitness X, LLC (Golf Fitness X), Douglas J. Wald (Wald), Brain J. Newman (Newman), and James A. Hackenberg's (Hackenberg) (collectively, Defendants) Motion to Dismiss, or in the Alternative, for Summary Judgment (Motion) (ECF 30). Upon review of the Motion, Plaintiff Hark'n Technologies' (Hark'n or Plaintiff) Opposition to the Motion (Opposition) (ECF 35), and Defendants' Reply in support of the Motion (Reply) (ECF 44), pursuant to Rule 7-1(g) of the Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes that oral argument is not necessary and will determine the Motion based on the written memoranda. For the reasons discussed below, the court GRANTS the Motion in part, and orders the parties to submit briefing that addresses the correct standards.

## I. BACKGROUND

Plaintiff filed this action against Defendants alleging jurisdiction based on both federal question under 15 U.S.C. § 105, § 1121(a), § 1338 and § 1338(b) and diversity under 28 U.S.C. § 1332 "because the parties are citizens of different states and the amount in controversy exceeds $75,000" (ECF 2, Complaint ¶¶ 14-17). Specifically, Plaintiff asserts fraud, breach of contract, trade dress infringement, false designation of origin, trademark infringement, Utah statutory and common law unfair competition, misappropriation of trade secrets under federal and Utah state law, and unjust enrichment claims stemming from Defendants' manufacture and sale of a golf training tool the "Orange Peel," which Plaintiff alleges illegally integrates Plaintiff's "Slastix" "Stroop" resistance bands (ECF 2).

In the pending Motion, Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) (ECF 30). With respect to dismissal under Rule 12(b)(2), Defendants assert Plaintiff's Complaint fails to establish personal jurisdiction as to all claims against Jimmy Hack Golf, Golf Fitness X, and Hackenberg and as to Orange Whip, Wald, and Newman on the claims for trade dress and trademark infringement, false designation of origin, and the Utah statutory and common law unfair competition (ECF 30). Defendants also move to dismiss all ten pending claims as to most Defendants for failure to state a claim under Rule 12(b)(6) (ECF 30). Alternatively, Defendants move for summary judgment seeking dismissal of Plaintiff's claims for trade dress and trademark infringement, false designation of origin, Utah statutory and common law unfair competition and trade secret misappropriation (ECF 30).

In its Opposition, Plaintiff concedes all claims against Golf Fitness X and Hackenberg should be dismissed without prejudice (ECF 35 at 30).[1] However, Plaintiff asserts this court has personal jurisdiction over Orange Whip, Wald, Newman, and Jimmy Hack Golf as to all claims either through specific personal jurisdiction or pendent personal jurisdiction or (ECF 35). Plaintiff also filed a Rule 56(d) Motion to Deny Defendant's Alternative Request for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(d) asking this court to deny Defendants' alternative request for summary judgment or allow Plaintiff time to conduct discovery on the factual assertions raised in the Motion to Dismiss (ECF 37). In their Opposition to Plaintiff's Rule 56(d) Motion, Defendants assert the discovery sought would not change the outcome of the Motion to Dismiss as to any challenged claim and that Plaintiff already has the discovery and information sought in its possession (ECF 45).

## II.   DISCUSSION

"[T]he threshold question in every federal case," is whether the court has the power to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Plaintiff has the burden to establish personal jurisdiction on each claim asserted. *Chen v. U.S. Bank Nat'l Ass'n*, No. 2:15-cv-850 TS, 2016 WL 3747584, at *1 (D. Utah July 11, 2016). Here, Plaintiff asserts jurisdiction is proper by way of both federal question and diversity (ECF 2). The personal jurisdiction analysis varies slightly depending on whether Plaintiff's claims are brought pursuant to federal question jurisdiction or diversity jurisdiction. *Chen*, 2016 WL 3747584, at *1. Here, the parties fail to recognize this distinction, and as a result improperly focus their arguments only on whether Defendants had sufficient minimum contacts to support specific jurisdiction.[2] While the

---

[1] In light of Plaintiff's concession, the court will dismiss all claims against Golf Fitness X and Hackenberg without prejudice. The remainder of this Order concerns only the remaining defendants: Orange Whip, Jimmy Hack Golf, Wald, and Newman, hereinafter continued to be referred to as "Defendants."
[2] It is undisputed that general personal jurisdiction is not at issue (ECF 30 at 7 and ECF 35 at 8).

standards of establishing specific personal jurisdiction under federal question or diversity jurisdiction may overlap somewhat, they are in fact different.

In their briefs, neither party distinguishes the personal jurisdiction analysis as to the federal question claims as opposed to the claims brought under diversity jurisdiction. Both parties only provide arguments to address personal jurisdiction over a nonresident defendant under the familiar minimum contacts standard.[3] However, with respect to personal jurisdiction over a defendant in a federal question case, "the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (internal citation omitted). The first factor looks to Federal Rule of Civil Procedure 4(h)(1) and then to each respective federal statute to determine if service of process is authorized. *Id*. The second factor "flows from the Due Process Clause of the Fifth Amendment and restricts judicial power in order to protect the individual's liberty interest." *Id*. at 1211. Hence, the analysis focuses on the Fifth Amendment as opposed to the Fourteenth Amendment. *Id*. at 1210.

In federal question cases when assessing personal jurisdiction, the Fifth Amendment requires the plaintiff's choice of forum be fair and reasonable to the defendant. *Chen*, 2016 WL

---

[3] In their Opposition, Plaintiff asserts the court may exercise either pendant personal jurisdiction or specific jurisdiction over Orange Whip, Wald, and Newman as to the trade dress and trademark infringement claims, false designation of origin claim, and unfair competition claims (ECF 35). Plaintiff cites to *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir. 2002) arguing the trademark and trade dress infringement claims, false designation of origin claim, and both unfair competition claims "directly result from Orange Whip's trade-secret misappropriation and are therefore properly subject to pendant jurisdiction" (ECF 35). However, until the court establishes it has personal jurisdiction over the Defendants as to the federal claims under the relevant framework, the court cannot determine whether pendent personal jurisdiction would be applicable. *See United States v. Country Classic Dairies, Inc.*, No. 2:05-cv-00499-DS, 2006 WL 2331061, at *3 (D. Utah Aug. 8, 2006) ("Inasmuch as the Court does not possess personal jurisdiction over any of [plaintiff's] claims, the doctrine of pendent personal jurisdiction is inapplicable.").

4

3747584, at *2 (citation omitted).  To defeat federal jurisdiction, a defendant must establish that the "'chosen forum will make litigation ... gravely difficult and inconvenient' or, in other words, the forum district burdens the defendant with 'constitutionally significant inconvenience.'" *Klein v. Cornelius*, 786 F.3d 1310, 1318 (10th Cir. 2015) (citing *Peay*, 205 F.3d at 1212).  To make this evaluation, the court looks to non-exclusive factors in considering whether defendants have met this burden, such as (1) the extent of contact with the forum state, (2) the inconvenience of having to litigate in a foreign jurisdiction, (3) judicial economy, (4) the probable situs of the discovery proceedings, and (5) the nature of the defendant's activities and its impact beyond his state's borders.  *Id*.  Moreover, it is "only in highly unusual cases that inconvenience will rise to the level of constitutional concern."  *Chen*, 2016 WL 3747584, at *2 (citation omitted).

     As a preliminary issue, the parties must clarify which claims are being asserted against each of the Defendants under federal question jurisdiction or diversity jurisdiction in order to properly address the challenges to personal jurisdiction.  The parties completely fail to indicate whether the applicable federal statutes potentially confer jurisdiction by authorizing service of process on them or address whether Fifth Amendment Due Process considerations apply.  Considering the importance of the threshold issue of jurisdiction, the court will not undertake this obligation for the parties.  Moreover, because the court cannot determine whether there is a basis to exercise personal jurisdiction over the Defendants, the court need not address the other issues raised by Defendants in the Motion, including their 12(b)(6) arguments until the court has established it has proper jurisdiction over the Defendants.

Given the parties' failure to properly address the full and correct legal standard regarding personal jurisdiction over Defendants as to the federal question claims and what if any impact, that analysis has on the minimum contacts analysis discussed in the Motion, Defendants are ordered to submit a renewed motion to dismiss no later than April 15, 2022. Defendants renewed motion may include any applicable arguments under Rule 12(b)(6) or relating to their alternative motion for summary judgment

Plaintiff shall submit a response no later than April 29, 2022. The parties are granted leave to file respective briefs of no more than 30 pages each. Defendants' reply, if any, must comply with District of Utah Local Rule 7-1(a)(4). Moreover, given that Plaintiff voluntarily dismissed certain parties and notes that the parties were in the process of discussing jurisdiction in this matter (ECF 37 at 2-3), the court will order the parties to meet and confer by way of telephone or Zoom by April 6, 2022, regarding their jurisdictional arguments to determine if they can be further narrowed.

## ORDER

For the reasons discussed above, the court hereby GRANTS Defendants' Motion to Dismiss (ECF 30) in part and dismisses all claims against Defendant James Hackenberg and Defendant Golf Fitness X, without prejudice. The court also terminates as moot Plaintiff's Rule 56(d) Motion to Deny Defendant's Alternative Request for Summary Judgment (ECF 37).

DATED this 28 March 2022.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah