IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>         Plaintiff,<br><br>vs.<br><br>ORANGE WHIP FITNESS X, LLC et al.,<br><br>         Defendants. | MEMORANDUM DECISION AND ORDER DENYING [106] MOTION TO EXCLUDE STEVE BEAN AS A WITNESS AND MOTION TO COMPEL AND GRANTING IN PART [107] MOTION TO AMEND SCHEDULING ORDER<br><br>Case No. 1:21-cv-00054-CMR<br><br>Magistrate Judge Cecilia M. Romero |

This matter is before the undersigned on the consent of all parties pursuant to 28 U.S.C. § 636(c) (ECF 25). Before the court are two Motions: Defendants Orange Whip Fitness X, LLC, Douglas J. Wald, and Brian J. Newman's (collectively, Defendants) Motion to Exclude Steve Bean (Mr. Bean) as a Witness and Motion to Compel (Discovery Motion) (ECF 106) and Defendants' Motion to Amend the Fourth Scheduling Order (Scheduling Motion) (ECF 107) (collectively, the Motions). The court also considers each of the Motions' respective Oppositions (ECF 110; ECF 112) and Reply Memoranda (ECF 113; ECF 114). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Discovery Motion and GRANTS IN PART the Scheduling Motion.

**I.     BACKGROUND**

Relevant to this ruling is the court's resolution of Defendants' Short Form Discovery Motion to Strike Plaintiff's Second, Third, and Fourth Supplemental Rule 26 Disclosures (Motion

1

to Strike) (ECF 94). In the Motion to Strike, Defendants focused on Plaintiff's Second Supplemental Disclosure, through which Plaintiff indicated that Mr. Bean would testify regarding the negotiation of a particular contract, something Mr. Bean had personal knowledge of (ECF 94-1). Defendants argued the disclosures were inappropriate because they came just days before the deadline for supplemental disclosures (ECF 94 at 1). Based on this, Defendants asked the court to strike Plaintiff's disclosures as untimely and exclude any testimony of Mr. Bean from the upcoming motions and trial (*id.* at 2).

In response to Defendants' objection to its inclusion of Mr. Bean in its supplemental disclosures, Plaintiff argued that "[t]his unfortunate situation exists solely because on July 15 and 24, 2024, Defendants' principals testified to no recollection whatsoever of a telephone conversation wherein a written contract was finalized and thereafter Defendants confirmed in email, at [Mr.] Bean's request, that 'we will sign the contract'" (ECF 97 at 1). In other words, according to Plaintiff, Mr. Bean's testimony was not necessary until Defendants' witness testified that he could not remember a specific conversation that allegedly took place on March 25, 2019 between him and Mr. Bean related to the drafting of the contract at issue. Plaintiff maintained that both sides had been aware of Mr. Bean's involvement in contract drafting since this case began and that within 48 hours of becoming aware of the need to call Mr. Bean as a witness, Plaintiff disclosed this development to Defendants (*id.* at 2).

On August 9, 2024, the court held a hearing and issued its oral ruling on the Motion to Strike (August 9th Order) (*see* ECF 99). At the hearing, the court found that the Second Supplemental Disclosure, wherein Mr. Bean was listed as a fact witness, was timely (*id.*). But the court made clear that the ruling was narrowly tailored, addressing only whether the disclosure of

2

Mr. Bean as a witness for the purpose of discussing the March 25, 2019 phone call was timely (*id.*).[1]

Furthermore, at the hearing, the court informed the parties that if Mr. Bean would be expected to testify about facts beyond the March 2019 phone call, the court would need further briefing to be able to determine whether the disclosure related to those additional matters was timely. Oral Argument at 1:09:30–1:25:30, *Hark'n Techs., Inc. v. Orange Whip Fitness X, LLC*, No. 1:21-cv-00054-CMR (D. Utah Aug. 9, 2024) (ECF 99). The court then indicated that supplemental briefing might be necessary to address whether Mr. Bean could remain counsel of record for Plaintiff while also being a witness. *Id.* Of particular note, the court also stated that it would not rule on any issues related to Defendants' objection to Plaintiff's 30(b)(6) witness designation as that matter was not fully briefed. *See id.*

Following the August 9th hearing, Defendants filed the Discovery Motion, arguing that Mr. Bean should be excluded from testifying as Plaintiff's 30(b)(6) witness for four reasons: (1) Plaintiff failed to file a motion as required by the August 9th Order, (2) Mr. Bean "has already made himself privy to documents disclosed as AEO and his sudden intention to appear as a company representative violates the standard protective order," (3) "by appearing as attorney of record and not disclosing himself as a witness until the end of the limited discovery period," Mr. Bean has "affirmatively represented he had no discoverable information," and (4) "Plaintiff improperly seeks to transmogrify" the legal opinions of Mr. Bean "into facts through 30(b)(6) testimony" (ECF 106 at 3). According to Defendants, they will be prejudiced if Mr. Bean testifies as a 30(b)(6) witness, and Defendants apparently wish to depose Shon Harker (Mr. Harker) instead

---

[1] The court further noted that Defendants failed to provide any argument in their Motion to Strike as to why the Third and Fourth Supplemental Disclosures were untimely; thus, the court also denied Defendants' motion to strike related to the Third and Fourth Supplemental Disclosures (ECF 99).

3

because Mr. Harker has been the 30(b)(6) witness for Plaintiff in previous cases (*id.*). Plaintiff opposes the motion to exclude, arguing that its designation of Mr. Bean as a 30(b)(6) deponent "is proper, timely, and non-prejudicial under the Federal Rules and established law" (ECF 110 at 7).

Alternatively, if Mr. Bean is allowed to testify as Plaintiff's 30(b)(6) witness, Defendants request that an order compelling disclosure of "communications and other information from anyone in which facts are shared with [Mr.] Bean" on which he may base his "knowledge and testimony regarding the 30(b)(6) topics of which he has been designated to testify" (ECF 106 at 3). Plaintiff also opposes Defendants' request for an order to compel (ECF 110 at 18). According to Plaintiff, this aspect of the Discovery Motion is merely Defendants' attempt to obtain information and documents that otherwise would be protected by attorney-client and work product privileges (*id.*). Plaintiff further avers that it has "not designated Mr. Bean to testify on any privileged subject," and Plaintiff has already produced to Defendants all documents relevant to Mr. Bean's testimony as a 30(b)(6) witness (*id.* at 18–22).

Beyond the discovery issues, Defendants also filed their Scheduling Motion, indicating that Plaintiff's 30(b)(6) Deposition Deadline was October 17, 2024, with the deposition scheduled to take place on October 16, but Defendants wanted to delay that deposition taking place until after the court rules on its Discovery Motion (ECF 107 at 1–2). Based on that reasoning, Defendants seek to extend Plaintiff's 30(b)(6) Deposition Deadline until January 1, 2025 (ECF 107-1 at 1). Plaintiff opposes this motion as well, stating that Defendants "failed to make the required showing of good cause to extend" the relevant deadline, and the Scheduling Motion is just "the latest in a line of baseless motions, seek[ing] to have the Court rescue Defendants from their own lack of diligence" (ECF 112 at 1).

4

## II. LEGAL STANDARDS

When a corporation, association, or other such entity is named as a deponent, Rule 30 of the Federal Rules of Civil Procedure indicates that "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6). Thus, "[u]nder the plain language of the rule, it is the corporation that designates a deponent to testify on its behalf---not the party conducting the deposition." *Legal Tender Servs. v. Hanover Ins. Co.*, No. 2:16-cv-01223-DAK, 2018 WL 10152303, at *1 (D. Utah Jan. 5, 2018). Moreover, "[e]ntities must 'make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'" *Eagle View Techs. Inc. v. GAF Materials LLC*, No. 2:22-cv-00215, 2024 WL 406954, at *1 (D. Utah Feb. 2, 2024) (quoting *Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)). Relatedly, Rule 37 of the Federal Rules of Civil Procedure provides the court with authority to "allow an untimely disclosure if it is 'substantially justified or is harmless.'" *Chevron Pipe Line Co. v. PacifiCorp*, No. 2:12-cv-287-TC-BCW, 2017 WL 3841831, at *1 (D. Utah July 21, 2017) (quoting Fed. R. Civ. P. 37(c)(1)).

As for requests for production, "Rule 26(b)(1) allows a party to obtain discovery 'regarding any nonprivileged matter' if the discovery is both 'relevant to any party's claim or defense and proportional to the needs of the case.'" *W. Ins. Co. v. Rottman*, No. 2:13-cv-436-DAK, 2017 WL 568301, at *2 (D. Utah Feb. 13, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). Furthermore, Rule 34(b) of the Federal Rules of Civil Procedure "requires the requesting party to 'set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity.'" *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618 (D. Colo.

2007) (quoting *Schartz v. Unified School District No. 512*, 1996 WL 741384, * 1 (D. Kan. 1996)); *see also* Fed. R. Civ. P. 34(b).

Finally, when it comes to modifying a schedule—including the modification of discovery deadlines—Rule 16 of the Federal Rules of Civil Procedure states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Edizone, LC v. Cloud Nine, LLC*, 505 F. Supp. 2d 1226, 1231 (D. Utah 2007) (quoting *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

### III. DISCUSSION

#### A.   The Discovery Motion

Defendants' Discovery Motion as it pertains to their request to exclude testimony from Mr. Bean relies on the August 9th Order, Mr. Bean's status as an attorney of record for Plaintiff throughout this litigation, the documents Mr. Bean has had access to based on his role as counsel for Plaintiff, and the testimony Defendants anticipate Mr. Bean providing at the 30(b)(6) deposition (ECF 106 at 3). For the foregoing reasons, the court finds Defendants' arguments either unpersuasive or premature, as the court has no way of knowing what Mr. Bean's testimony will be until the deposition takes place.

The court begins with Defendants' argument related to the August 9th Order. Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendants seek to preclude Mr. Bean from testifying by arguing that Plaintiff failed to comply with the August 9th Order (*id.* at 8). *See* Fed. R. Civ. P. 37(b)(2)(A)(ii) (allowing a court to sanction a party for failing to obey a court order, which sanctions include "prohibiting the disobedient party from supporting or opposing designated

claims or defenses, or from introducing designated matters in evidence"). According to Defendants, the August 9th Order instructed Plaintiff to file a motion addressing the requirements under Rules 26 and 37 of the Federal Rules of Civil Procedure if Mr. Bean was to testify for any other purpose, including if he were to be designated as a 30(b)(6) witness. Defendants claim Plaintiff failed to comply with this court's directives because Plaintiff failed to file such a motion after indicating that Mr. Bean would be one of their 30(b)(6) witnesses.

On this point, Plaintiff argues that Defendants misconstrued the August 9th Order and, based on the context of the hearing and considering the entirety of the court's discussion with the parties, Plaintiff only had to file a motion addressing Rules 26 and 37 if Mr. Bean was to testify as a *fact witness* on any matters other than the March 2019 phone call (ECF 110 at 14). Thus, in Plaintiff's view, the August 9th Order did not require Plaintiff to file a motion related to its 30(b)(6) witness designation of Mr. Bean. Here, the court agrees with Plaintiff.

Turning to the hearing itself, the court reiterates that the August 9th Order was narrowly tailored to address Plaintiff's supplemental disclosures under Rule 26 (ECF 99). Furthermore, upon review of the oral argument and minute entry following the hearing it is clear that the August 9th Order, directing Plaintiff to file a motion addressing Rules 26 and 37 if Mr. Bean was "designated for any other purpose," only applied if Plaintiff wanted Mr. Bean to testify *individually* beyond the disclosure that had already been made related to the March 2019 phone call. *See* Oral Argument at 1:09:30–1:25:30, *Hark'n Techs., Inc. v. Orange Whip Fitness X, LLC*, No. 1:21-cv-00054-CMR (D. Utah Aug. 9, 2024) (ECF 99). Of particular note is the fact that the court's order did not include any discussion on whether Mr. Bean could testify as a 30(b)(6) witness. *See generally id.* Because Plaintiff did not fail to follow an order of this court, the court declines to prevent Mr. Bean from testifying as Plaintiff's 30(b)(6) witness on this basis.

7

The remainder of Defendants' concerns with Mr. Bean testifying as a 30(b)(6) witness all relate to what they believe Mr. Bean *might* testify about. But Defendants do not point to any questions in particular that they believe Mr. Bean could not appropriately answer nor do they explain what information Mr. Bean has been privy to as Plaintiff's attorney that would cause him to be unable to appropriately answer Defendants' questions. Instead, Defendants argue generically that Mr. Bean is an improper 30(b)(6) witness because, as an attorney in this litigation, Mr. Bean has viewed documents disclosed as "attorney eyes only" (AEO), and his intention to appear as a company representative violates the standard protective order (ECF 106 at 9). Along those same lines, Defendants also assert that if Mr. Bean were permitted to testify, he could impermissibly "transmogrify" his "legal opinions into the 'knowledge' of the corporation" (*id.* at 10). The court is unpersuaded by Defendants' arguments as their concerns over Mr. Bean as a 30(b)(6) witness are either unsupported by the relevant case law or are prematurely raised.

In support of their arguments, Defendants rely on case law where one party seeks to depose the opposing party's counsel (*id.* at 10–16). In those cases, the corporate litigant whose counsel was being asked to testify by the opposing party sought protective orders to prevent having their own attorney forced to testify. *See, e.g.*, *Boughton v. Cotter Corp.*, 65 F.3d 823, 829 (10th Cir. 1995); *Graystone Funding Co. v. Network Funding, L.P.*, 598 F. Supp. 3d 1228 (D. Utah 2022). This is not the situation present here. In this case, Plaintiff is the one wanting their own counsel to testify as its 30(b)(6) witness, and Mr. Bean voluntarily withdrew as trial counsel—in an attempt to eliminate concern with violating ethical rules or case law by acting as both an attorney and witness at trial—even though Plaintiff maintains Mr. Bean could have remained trial counsel and still so testified (ECF 110 at 11–12). In the scenarios raised by Defendants, the protective orders were appropriately granted because, "[u]nder the plain language of the rule, it is the corporation

that designates a deponent to testify on its behalf---*not the party conducting the deposition.*" *Legal Tender Servs.*, 2018 WL 10152303 at *1 (emphasis added). Thus, Plaintiff's designation of Mr. Bean as their witness is consistent with Rule 30(b)(6), and Defendants have not presented any case law demonstrating that the party conducting the deposition gets to choose which witness should testify on behalf of the corporation.

Turning to the plain language of Rule 30(b)(6), the court notes that nothing in the rule precludes a corporation from designating an attorney as a 30(b)(6) witness. *See* Fed. R. Civ. P. 30(b)(6). Moreover, upon reviewing the relevant case law, the court agrees with Plaintiff that there is nothing explicitly barring a party from designating their own counsel as a 30(b)(6) witness. *See, e.g.*, *Coffeyville Res. Ref. & Mktg. v. Liberty Surplus Ins. Corp.*, 261 F.R.D. 586, 594–95 (D. Kan. 2009) (noting that opposing counsel had appeared as a Rule 30(b)(6) deposition witness in the matter as well as a fact witness related to the party's submission of insurance requests); *see also S.E.C. v. Goldstone*, 301 F.R.D. 593, 664 (D.N.M. 2014) (declining to prevent a party "from taking 30(b)(6) depositions of the SEC, even though it may be true that the 30(b)(6) representative in many cases will be an attorney"); *New Jersey v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 610671, at *3 (D. Kan. Feb. 19, 2010) (noting that "almost any person-attorney or not-could fulfill the requirements of Rule 30(b)(6)" and the party designating the witness "is free to designate whomever it feels can 'fully, completely, [and] unevasively' answer questions regarding" the relevant subject matters (quoting *Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527–28 (D. Kan. 2006))). The court is therefore unpersuaded by Defendants' argument that if Mr. Bean were permitted to testify, he could impermissibly "transmogrify" his "legal opinions into the 'knowledge' of the corporation" (ECF 106 at 10). If that were true, no attorney would ever be

allowed to testify as a 30(b)(6) witness, much less an attorney previously appearing as counsel for the corporation, which is unsupported by the case law.

Next, the court finds Defendants' argument that Mr. Bean should not be allowed to testify because he has viewed documents designated AEO as prematurely raised. Courts have rejected similar arguments as premature where litigants attempt to prevent a deposition from taking place by relying on "blanket assertions of attorney-client privilege and work product." *See McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008); *see also United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir.1974) (noting that assertions of privilege are typically raised "as to each record sought and each question asked so that . . . the court can rule with specificity"); *Sprint Commc'ns*, 236 F.R.D. at 529 (finding that blanket assertions of privilege before any questions have been asked at a Rule 30(b)(6) deposition are premature). It would therefore be inappropriate for this court to determine whether Mr. Bean's answers to the 30(b)(6) deposition questions should be deemed inadmissible where the deposition has not yet taken place.

Finally, as to the motion to exclude, Defendants rely on the Federal Rules of Evidence to justify preventing Mr. Bean from testifying (ECF 106 at 14, 18–19). On this point, the court notes that the "Rules of Evidence generally disfavor" speculative requests that would "exclude broad categories of evidence based on a mere hunch that testimony might be prejudicial." *Cassell v. SkyWest, Inc.*, 654 F. Supp. 3d 1222, 1240 (D. Utah 2023). For this reason, it is rare that courts will issue orders that "exclude broad categories of evidence" and a "better practice is to deal with questions of admissibility of evidence as they arise." *Id.* (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Here, Defendants only provide the court with speculation and general concerns about what the contents of Mr. Bean's testimony might be. Without knowing what Mr. Bean's testimony will be, and what portions of that testimony

Defendants deem inadmissible, along with a reasoned analysis to support the exclusion of said testimony from consideration by the court or a jury, the court declines to enter a broad order that would prevent Mr. Bean from testifying as Plaintiff's 30(b)(6) witness.

As for their motion to compel, Defendants request that if Mr. Bean is allowed to testify as Plaintiff's 30(b)(6) witness, the court "compel disclosure of communications and other information from anyone in which facts are shared with [Mr.] Bean" that he may base his "knowledge and testimony" on regarding the 30(b)(6) topics (ECF 106 at 3). Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the party requesting such discovery is required to "set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity." *Cache La Poudre Feeds*, 244 F.R.D. at 618 (quoting *Schartz*, 1996 WL 741384 at * 1). Here, Defendants focus on the March 2019 phone call, arguing that Plaintiff waived privilege with regard to that phone call and they seek "any information regarding the March [2019] phone call" (ECF 110 at 18). But Defendants make no argument that information related to the March 2019 phone call is relevant or otherwise related to the 30(b)(6) topics. Instead, this appears to relate to Defendants' Motion to Strike (ECF 94), which the court resolved with the August 9th Order (ECF 99). Any testimony Mr. Bean may give related to the March 2019 phone call pertains to Plaintiff's designation of Mr. Bean as a fact witness, and the court is not persuaded that it is also related to the 30(b)(6) designation. The court therefore declines to compel Plaintiff to produce such documents in the present order.

As for Defendants' request that Plaintiff's produce all documents relevant to Mr. Bean's testimony as a 30(b)(6) witness, Defendants request does not state with reasonable particularity the items they seek to inspect (*see* ECF 106 at 23–27). Furthermore, "the mere fact that [a party] designated a lawyer, pursuant to [Rule] 30(b)(6), as its corporate representative at one deposition,

11

is a wholly insufficient ground to hold that [the same party] waived its attorney-client privilege." *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1552 (10th Cir. 1995). On this point, the court again agrees with Plaintiff that the "limited topics identified by Defendants" in their 30(b)(6) notice does not appear to require the disclosure of privileged information (ECF 110 at 20–21). Moreover, Defendants' request to compel information requires the court to again speculate about the testimony that Mr. Bean might give during his deposition. Plaintiff asserts that Mr. Bean will only rely on information that has already been disclosed to Defendants and, at this point, the court has no reason to conclude otherwise. More specifically, the court is not convinced that Defendants have adequately justified their motion to compel where the relevant documents and information sought cover such a broad range of topics.

Defendants have not demonstrated that the court should enter an order excluding Mr. Bean from testifying as Plaintiff's 30(b)(6) witness, nor have they demonstrated that the court should enter an order to compel Plaintiff to produce additional information related to the 30(b)(6) deposition that has not yet taken place. The court therefore finds it appropriate to deny the Discovery Motion.

**B.     The Scheduling Motion**

Because the court has determined that nothing in the Discovery Motion justifies preventing Mr. Bean from proceeding as Plaintiff's 30(b)(6) witness, the court now turns to the Scheduling Motion wherein Defendants request an amendment to the current scheduling order (ECF 107). In the Scheduling Motion, Defendants ask that one deadline be extended: Plaintiff's 30(b)(6) Deposition Deadline (*id.* at 1). Plaintiff opposes an amendment to the scheduling order, arguing the court should deny Defendants' request because they "failed to make the required showing of good cause to extend the deadline to take Plaintiff's 30(b)(6) deposition" (ECF 112 at 1). *See* Fed.

12

R. Civ. P. 16(b)(4) (stating that a "schedule may be modified only for good cause and with the judge's consent"). According to Plaintiff, Defendants' inability to conduct the 30(b)(6) deposition by the scheduling deadline was the result of their own lack of diligence (ECF 112 at 1).

Defendants explain in the Scheduling Motion that the deadline in the current scheduling order for Plaintiff's 30(b)(6) deposition is October 16, 2024, but because briefing on their Discovery Motion (ECF 106) had not yet been completed, they filed their Scheduling Motion to extend the deadline for that deposition until after the court issued its decision as to whether Mr. Bean could testify as Plaintiff's 30(b)(6) witness (ECF 107). As previously noted, under Rule 16 of the Federal Rules of Civil Procedure a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Edizone*, 505 F. Supp. 2d at 1231 (quoting *Inge*, 281 F.3d at 625). While the court would have preferred Defendants to have raised objections to Mr. Bean's testimony as a 30(b)(6) witness after the deposition had taken place so that the court could have been better prepared to address whether Mr. Bean's testimony was admissible, the court is satisfied with the progress of this case and that Defendants have sufficiently demonstrated that the parties are diligently attempting to meet the case management order's requirements. The court therefore agrees that Defendants should have additional time to complete their 30(b)(6) deposition of Mr. Bean if they still so choose.

In Defendants' proposed order, submitted with their Scheduling Motion, they indicated that they would like Plaintiff's 30(b)(6) deposition deadline to be extended to January 1, 2025 (ECF 107-1). While the court agrees that Defendants should have more time to complete the deposition of Mr. Bean, the court is not persuaded that an extension of two months is necessary.

Accordingly, the court finds it appropriate to grant Defendants an additional four weeks following the entry of this order to complete their 30(b)(6) deposition of Mr. Bean.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the undersigned concludes that the Motion to Exclude Steve Bean as a Witness and Motion to Compel (ECF 106) is DENIED. The Motion for Amended Scheduling Order (ECF 107) is GRANTED IN PART. Defendants have four weeks from the date of this order to complete the Rule 30(b)(6) deposition of Mr. Bean if they still intend to do so.

IT IS SO ORDERED.

DATED this 29 October 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah