UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE WHIP FITNESS X, LLC, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING [168] PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br><br>Case No. 1:21-cv-00054-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Hark'n Technologies, Inc.'s (Plaintiff) Motion for Reconsideration (Motion) (ECF 168) regarding the court's Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion for Partial Summary Judgment (Memorandum Decision) (ECF 160). The court has also considered Defendants Orange Whip Fitness X, LLC (Orange Whip), Douglas J. Wald (Wald), and Brian J. Newman's (Newman) (collectively, Defendants) opposition to the Motion (ECF 194) and Plaintiff's reply (ECF 203). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES Plaintiff's Motion.

## I. LEGAL STANDARD

"Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order." *Scalia v. Beantown Painting, Inc.*, No. 2:19-cv-00353, 2020 WL 9256556, at *1 (D. Utah Dec. 29, 2020). Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and

1

liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims."

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Using a motion to reconsider to revisit issues "that have already been addressed in the initial briefing 'is not the purpose of a motion to reconsider'", and "more importantly, 'advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed' is 'inappropriate.'" *Scalia*, 2020 WL 9256556, at *1 (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1242-44 (10th Cir. 1991)).

## II.     DISCUSSION

Pursuant to Rule 54(b), Plaintiff asks that the court reconsider its grant of summary judgment in favor of Defendants on its fraud claim and breach of contract claim (ECF 168 at 2). For the following reasons, the court denies Plaintiff's request.

According to Plaintiff, the court "misapprehend[ed] crucial facts and does not account for key testimony related to these claims, and the motion should be granted to prevent manifest injustice to the Plaintiff" (*id.*). In the Motion, Plaintiff recounts additional facts it asserts that the court failed to consider in ruling on the motion for summary judgment and, in doing so, the court "inadvertently handicapped its analysis" (*id.*). In other words, Plaintiff's position is that there was "extensive testimonial and documentary record" which the court failed to take into account before it dismissed its claims (*id.*). This argument misunderstands the court's role in ruling on a motion for summary judgment and Plaintiff's burden in responding to the motion.

At the summary judgment stage, the initial burden of demonstrating that there is no genuine issue of material fact such that they are entitled to judgment as a matter of law is on the moving party. *Savant Homes, Inc. v. Collins*, 809 F.3d 1133, 1137 (10th Cir. 2016). "A movant who does not bear the burden of persuasion at trial may satisfy this burden 'by pointing out to the court a lack of evidence on an essential element of the nonmovant's claim.'" *Id.* (quoting *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007)). "If the movant meets this initial burden, the burden then shifts to the nonmovant to set forth specific facts from which a rational trier of fact could find for the nonmovant." *Id.* (quoting *Libertarian Party of N.M.*, 506 F.3d at 1309).

In its Memorandum Decision, the court determined that Defendants met their initial burden of demonstrating there was no genuine issue of material fact on Plaintiff's fraud and breach of contract claims (ECF 160 at 7–14). Thus, the burden shifted to Plaintiff to set forth *specific facts* from which the factfinder could reach a verdict in its favor. When the motion for summary judgment was filed, Plaintiff responded to Defendants' list of "undisputed facts" but did not provide any additional facts that Plaintiff believed the court should consider when ruling on the motion (ECF 143 at 3–11). That was Plaintiff's opportunity to put forth additional facts in support of its claims. Plaintiff chose not to. Now Plaintiff wants to present those facts to the court without explaining why Plaintiff ignored them in the first place. One particular grievance that Plaintiff raises regarding Defendants' summary judgment motion is that it "contains only 64 pages of the 205 pages of chronological email traffic between the parties and omits Complaint Ex. 6" (ECF 168 at 6). This complaint comes too late because if there was anything in Exhibit 6 or beyond those 64 pages of email communications that Plaintiff wanted the court to consider, then Plaintiff should have said as much in response to the motion for summary judgment. While the court acknowledges

3

it is possible that amongst the hundreds of pages of exhibits related to the motion for summary judgment there exist facts to support Plaintiff's claims, the court is not required to "go beyond the referenced portions of these materials" even though it has the discretion to do so. *Adler v. Wal-Mart Stores*, Inc., 144 F.3d 664, 672 (10th Cir. 1998).[1]

Despite the plain language of Rule 56 and relevant principles governing motions for summary judgment, Plaintiff argues the court's ruling was "premature" and the court should have waited for trial, where Plaintiff would have made "[a] full presentation of that evidence" (ECF 168 at 3). Plaintiff posits that, after its evidence was submitted, the court could have determined "whether no reasonable jury could return a verdict in Plaintiff's favor" on those claims through a motion under Federal Rule of Civil Procedure 50(a) (*id.*). However, Plaintiff provided no legal support for its position that Rule 50 can be used as an end-run around the requirements of Rule 56. Allowing a party to avoid summary judgment by invoking Rule 50 would, in essence, circumvent one of the principal purposes of summary judgment: to streamline litigation by narrowing the issues to only those appropriate for trial. *See Mitchell v. Zia Park, LLC*, 842 F. Supp. 2d 1316, 1321 (D.N.M. 2012) ("Principal purposes of summary judgment include streamlining litigation and saving needless time and expense by isolating and disposing of purely legal issues and factually unsupported claims and defenses." (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986))). Moreover, Plaintiff's attempt to advance new arguments and present additional facts that were available to Plaintiff when the motion for summary judgment was filed is simply an inappropriate use of a motion to reconsider. *See Scalia*, 2020 WL 9256556, at *1 (noting that "'advancing new arguments or supporting facts which were otherwise available for presentation

---

[1] Additional citations that Plaintiff believes the court should have considered—that Plaintiff notably did not raise in its opposition to the motion for summary judgment—include portions of Wald's Declaration and deposition testimony from both Wald and Newman. *Compare* ECF 168 at 4–9, *with* ECF 143 at 12–22.

4

when the original . . . motion was briefed' is 'inappropriate'" for a motion to reconsider (quoting *Van Skiver*, 952 F.2d at 1242–44)).

Furthermore, Defendants argue the court should deny the Motion because it "merely puts forth arguments already considered—and rejected—by the Court in its ruling" (ECF 194 at 3). For example, Plaintiff argues in the Motion that the evidence demonstrates that after the phone call on March 25, 2019 there were no further "negotiation[s]" as the parties had already reached a meeting of the minds on all essential contract terms (ECF 168 at 8–9). Plaintiff raised a similar argument in its opposition to the motion for summary judgment "that a meeting of the minds . . . occurred during the March 25, 2019 phone call" (ECF 143 at 16). This argument, and several others raised in the Motion, are duplicative of those raised in Plaintiff's earlier filing (*see generally id.*). As noted by the Tenth Circuit, motions to reconsider "are inappropriate vehicles to reargue an issue previously addressed by the court." *Servants of Paraclete*, 204 F.3d at 1012. Such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," *id.*, but Plaintiff has not demonstrated to the court that it misapprehended the facts that were presented in the summary judgment briefing, Plaintiff's position, or controlling law.

In summation, Plaintiff has not demonstrated that there has been an intervening change in controlling law, that there is new evidence that was previously unavailable, or that the court should reconsider its Memorandum Decision based on the need to correct clear error. Based on these findings, the court also determines that denying the Motion would not be manifestly unjust. The court therefore sees no reason to reconsider or otherwise alter its dismissal of Plaintiff's fraud claim and breach of contract claim.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration (ECF 168) is DENIED.

IT IS SO ORDERED.

DATED this 7 April 2025.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah