UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE WHIP FITNESS X, LLC, et al.,<br><br>Defendant. | **ORDERS REGARDING PARTIES'**<br>**MOTIONS IN LIMINE**<br><br><br>Case No. 1:21-cv-00054-CMR<br><br>Magistrate Judge Cecilia M. Romero |

The matters before the court are Plaintiff's four motions in limine, and Defendant's seventeen motions in limine. The court further considered the issue raised by the parties regarding Plaintiff's intention to use the video depositions of Defendant's Rule 30(b)(6) witnesses at trial. The court considered the briefing and relevant law. For the following reasons, the court rules and orders as follows.

## I. PLAINTIFF'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1 (ECF 174)

Plaintiff seeks to exclude testimony or unproduced documents at trial related to Defendant's costs beyond costs of goods sold in the source documents that have been produced (ECF 174). Defendant asserts that the "motion is premature, substantively baseless, and misleading" (ECF 221). Defendant further points out that during Douglas Wald's (Wald) deposition testimony, "Plaintiff's counsel never asked Wald about the cost sheet and [counsel] never asked [Wald] about the estimated percentages" (*id.* at 3).

Federal Rule of Civil Procedure 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

1

information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether such a failure was justified or harmless, the court considers: "(1) the prejudice or surprise to the party against whom the testimony [or information] is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony [or information] would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Here, the court agrees that Plaintiff would be prejudiced if Defendant were to introduce documents at trial related to Defendant's costs beyond those documents that were produced during discovery. With the trial fast approaching, the court does not find that Defendant could cure this prejudice within the allotted time, and the introduction of these previously undisclosed documents would be disruptive. When it comes to Wald's testimony, Plaintiff had the opportunity, while questioning him as 30(b)(6) witness, to question him about the topics he was designated to speak on, including the cost of goods sold. The court therefore does not think it would be unduly prejudicial or a surprise to Plaintiff if Wald testifies about topics for which he was properly designated. If there is testimony from Wald at trial that contradicts his deposition testimony, that is a different issue entirely, and the court reserves ruling on any such issues that may arise at trial.

Plaintiff's Motion in Limine No. 1 on Testimony Related to Cost of Goods Sold (ECF 174) is **GRANTED IN PART** and **DENIED IN PART**. Any documents not disclosed during discovery are precluded from introduction at trial. However, the court declines Plaintiff's request to exclude testimony from a 30(b)(6) witness related to a topic for which they were properly designated, for the sole reason that Plaintiff did not question the witness on that topic during the depositions.

### B. Motion in Limine No. 2 (ECF 176)

Plaintiff seeks to exclude all opinions by Defendant's expert Jordan S. Colohan (Colohan), "related to 'all elements of costs or deduction' from 'defendant's sales,'" other than "the costs of goods sold" (ECF 176). Defendant points out that "the deadline for filing [a] motion to exclude expert testimony was November 4, 2024" thus Plaintiff's motion to exclude Colohan is untimely (ECF 222). Even if the motion was timely, Defendant argues that Colohan's opinions are sufficiently supported by the record and are reliable.

Here, the court agrees with Defendant that Plaintiff's motion is untimely. Defendant filed their motion to exclude Plaintiff's expert before the relevant deadline and, with the court's permission, Defendant was permitted to refile their motion to exclude Defendant's expert in light of the summary judgment rulings. Outside of this exception, the deadline to file a motion to exclude expert testimony was November 4, 2024 (ECF 101). Plaintiff did not file the present motion until March 28, 2025. Moreover, the court further agrees that even if the motion were timely that there is at least some evidence that supports Colohan's opinions, and this is an issue better left for the jury.

Plaintiff's Motion in Limine No. 2 regarding Cost and Deduction Opinions by Defendant's Expert Jordan S. Colohan (ECF 176) is **DENIED.**

### C. Motion in Limine No. 3 (ECF 178)

Plaintiff seeks to exclude from evidence "any testimony or records seeking to account for banded products that Defendants purchased from third-party suppliers for which Defendants did not provide an accounting and records during discovery" (ECF 178).

As discussed above, a party is not allowed to introduce evidence at trial if they failed to provide that evidence to the opposing party as required by Rule 26. Fed. R. Civ. P. 37(c)(1). To

the extent Defendant may seek to introduce documents at trial, not previously disclosed to Plaintiff during discovery, the court agrees that it would be prejudicial to Plaintiff, it would be disruptive to the trial, and there is no time to cure any such prejudice. When it comes to testimony, Defendant argues that the failure to disclose this information was harmless because Plaintiff was able to calculate the number of sleeved bands that Defendant had not sold by comparing Defendant's "sales information against the purchase orders for bands" (ECF 223). Because it is unclear at this point exactly what arguments and/or testimony will be presented at trial, the court finds it would be premature to prevent Defendant from pointing the jury to evidence that has been properly disclosed and from presenting an argument based on this evidence that complies with the relevant rules.

For those reasons, Plaintiff's Motion in Limine No. 3 to exclude Testimony or Records Related to Unaccounted-For Bands (ECF 178) is **GRANTED IN PART** and **DENIED IN PART**. Defendant is precluded from introducing records at trial that were not previously disclosed to Plaintiff during discovery. The court reserves ruling on any testimony or argument that may be presented related to this issue.

### D. Motion in Limine No. 4 (ECF 180)

Plaintiff requests that the court exclude from evidence "a portion of a May 29, 2019 letter from Steve Bean to Defendants that consists of a Rule 408 compromise offer, and any testimony related to the proposed settlement terms or offer" (ECF 180).

Federal Rule of Evidence 408(a) provides that evidence of "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise" a disputed claim is not admissible "either to prove or disprove the validity or amount of [that] claim or to impeach by a prior inconsistent statement

or a contradiction." In relying on Rule 408, Plaintiff seeks to exclude the final paragraph of a letter, dated May 29, 2019, sent from Plaintiff to representatives of Defendant, indicating that Plaintiff would accept a certain sum in exchange for full settlement of the matter (ECF 180; ECF 180-1). Defendant, on the other hand, argues the entire contents of the letter should be admitted because it "shows bias," is admissible under Federal Rule of Evidence 106, and "the letter indicates it is a demand for payment—not a settlement offer—and merely asserts a factual statement which is admissible as evidence" (ECF 224).

After considering the filings relevant to Plaintiff's motion, it remains unclear which party intends to seek the introduction of this letter at trial and for what purpose. Because the intended purpose and context of the introduction of this letter are unclear, the court cannot determine whether Federal Rule of Evidence 106 would be applicable. Under Rule 106, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part--or any other statement--that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The court further cannot discern at this time whether the introduction of letter would fall within Rule 408's exception that compromise offers and negotiations may be admissible "for another purpose, such as proving a witness's bias or prejudice." Fed. R. Evid. 408(b).

Given those uncertainties, the court **RESERVES** ruling on Plaintiff's Motion in Limine No. 4 regarding Rule 408 Communication (ECF 180). The court expects the parties to raise this issue to the court directly before seeking introduction of this letter at trial so that the court may rule on Plaintiff's motion at that time.

## II. DEFENDANT'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1 (ECF 177)

Defendant seeks exclusion of "records and reference to the records Plaintiff received from a subpoena sent to WorldWide Fitness" (ECF 177). In opposition to the motion, Plaintiff asserts that some of the documents "were disclosed and marked in [Defendant's] 30(b)(6) deposition" and were "authenticated by [Defendant]" (ECF 204). Furthermore, Plaintiff maintains that the invoices it received from WorldWide Fitness are "identified and relied upon in Plaintiff's First Supplemental Disclosure" (*id.*). Upon consideration of Plaintiff's response, Defendant clarified that it is "not seeking to exclude documents already produced—whether by production or by use at deposition—but simply seeks exclusion of documents which Plaintiff admits were never produced" (ECF 231).

The parties seemingly agree that any of the documents that were previously produced are admissible. Thus, the court only need consider those items that Plaintiff received in response to its subpoena that it did not produce to Defendant. As previously discussed, a party is not permitted to use information at trial that they failed to produce in accordance with their discovery requirements under Rule 26(a) and (e), unless their failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

Turning to the factors addressed above in *Woodworker's Supply*, 170 F.3d at 993, the court finds that Defendant would be prejudiced by the introduction of these documents that were not previously produced, there is insufficient time before trial to cure this prejudice, and accordingly, such introduction would be disruptive to the trial. Given those findings, the court determines that Plaintiff's failure to produce these documents is neither substantially justified nor harmless.

Defendant's Motion in Limine No. 1 to Exclude Documents Related to the Subpoena to WorldWide Fitness (ECF 177) is **GRANTED IN PART** and **DENIED IN PART**. Any documents that Plaintiff received in response to its subpoena to WorldWide Fitness that were not produced to Defendant during discovery are excluded from introduction into evidence at trial. The court denies any request to exclude documents that were produced during discovery.

### B. Motion in Limine No. 2 (ECF 179)

Defendant requests that the court exclude "Youtube videos depicting the first 106 bands Orange Whip purchased from Plaintiff" (ECF 179). The court disagrees that it has previously determined the videos are not relevant to the remaining claims. Without more context, the court is unable to find, at present, that the videos are not relevant to the remaining claims, or that there is unfair prejudice, issue confusion or waste of time.

Defendant's Motion in Limine No. 2 to Exclude Youtube Videos (ECF 179) is **DENIED**.

### C. Motion in Limine No. 3 (ECF 181)

Defendant moves for the exclusion of Plaintiff's "actual damages," including "lost profits, loss of goodwill, and reputational harm" (ECF 181). The court needs to hear argument on this motion and therefore **RESERVES** ruling on this motion.

### D. Motion in Limine No. 4 (ECF 196)

Defendant seeks exclusion of "evidence of sales for non-infringing products" (ECF 196). Plaintiff asserts that excluding sales of "non-infringing" products is not feasible because "every sale that occurred and has been accounted for in [Defendant's] single revenue spreadsheet" relates to the "one and only product that [Defendant] sells and that product (the "Power Peel Package") includes Plaintiff's trade dress" (ECF 201).

Based on the arguments of the parties, the court finds that it would be inappropriate for the court to exclude "evidence of sales for non-infringing products." As Plaintiff pointed out, the sales of the alleged infringing product are mixed in with those of other products that Plaintiff has asserted no claim over. This is evidence that should be presented to the jury, and the jury can decide whether it is appropriate—and if there is an appropriate method for doing so—to exclude from any damage calculation the sales of "non-infringing products."

Defendant's Motion in Limine No. 4 regarding Defendant's Sale of Admittedly Non-Infringing Products (ECF 196) is **DENIED**.

### E. Motion in Limine No. 5 (ECF 182)

Defendant requests that the court "limit Stephen Bean's testimony" to the March 25, 2019 phone call (ECF 182). As the court already discussed in its earlier order, Bean is only designated as a fact witness to discuss the March 25, 2019 phone call (ECF 99). Accordingly, the court agrees that Bean cannot testify, *as a fact witness*, beyond that call, if it is still relevant to the remaining claims.

Plaintiff notes that Bean was also designated as a 30(b)(6) representative and that "[a]dmissibiliy objections related to Bean's testimony should be handled on a case-by-case basis as they arise" (ECF 212). Similar to the court's earlier discussion regarding Defendant's 30(b)(6) witness, when it comes to Bean testifying as a 30(b)(6) witness, Defendant had the opportunity to question Bean about the topics he was designated to speak on and chose not to. The court thus does not think it would be unduly prejudicial or a surprise to Defendant if Bean testifies about topics for which he was properly designated and are still relevant to the pending claims.

Defendant's Motion in Limine No. 5 to Limit Stephen Bean's Testimony to the March 25, 2019 Phone Call (ECF 182) is **GRANTED IN PART** and **DENIED IN PART**. Bean's

testimony as a fact witness is limited to the March 25, 2019 phone call, if it is still relevant. To the extent that Defendant seeks to limit Bean's testimony as a 30(b)(6) witness, the motion is denied, and the court will resolve any objections related to the admissibility of Bean's testimony as it arises.

### F. Motion in Limine No. 6 (ECF 183)

Defendant asks that the court preclude Plaintiff from "using the term 'knocked-off' and variations of the term" because it is "unfairly prejudicial, irrelevant, confusing the issues, and misleading to the jury" (ECF 183).

In support of its argument that those terms should be excluded, Defendant has provided several cases from various jurisdictions that the court finds persuasive. *See Loggerhead Tools, LLC v. Sears Holdings Corp.*, 2017 WL 4161976, at *2 (N.D. Ill. Apr. 11, 2017) ("Counsel will avoid unnecessary use of the terms 'knock-off' or 'rip-off. This ruling does not required redaction of any otherwise-admissible documents . . .'"); *Winters v. PACCAR, Inc.*, 2017 WL 5957775, at *3 (W.D. Mo. Apr. 27, 2017) ("All lawyers and witnesses are precluded from using unduly prejudicial words such as 'knock-off,' 'rip off,' or 'copycat.'"); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 2014 WL 8096334, at *8 (C.D. Cal. Apr. 21, 2014) ("There is no probative value in the use of a term with negative connotations to describe Defendant's products or pricing strategy, and the use of the pejorative terms 'knock-off,' 'pirated,' or 'predatory' are therefore unduly prejudicial under FRE 403.'"). In response, Plaintiff provided the court with a criminal case wherein the court addressed whether the prosecution should be allowed to use the word "stealing" in a copyright infringement case (ECF 213 (citing *Gordon v. United States*, 2024 WL 2924282 (D. Me. June 10, 2024)). The court finds that the case cited by Plaintiff is distinguishable

from the present matter, and those relied on by Defendant are civil matters regarding causes of action similar to the ones asserted by Plaintiff.

Defendant's Motion in Limine No. 6 regarding Use of the Term "Knocked-Off" (ECF 183) is **GRANTED**. Counsel will avoid unnecessary use of the terms "knock-off" or "rip-off" but this ruling does not require redaction of any otherwise-admissible documents.

### G. Motion in Limine No. 7 (ECF 184)

Defendant moves to exclude "any evidence of damages of future sales of the alleged infringing products" (ECF 184). It is not entirely clear how this evidence will be used. The court needs to hear argument on this motion and therefore **RESERVES** ruling on this motion.

### H. Motion in Limine No. 8 (ECF 185)

Defendant submitted this motion to invoke the exclusionary rule under Federal Rule of Evidence 615 and request "a sequestration order to prevent witnesses from discussing the case with one another" (ECF 185).

Under Rule 615, "[a]t a party's request, the court *must* order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615(a) (emphasis added). The rule however does not apply to "(1) a party who is a natural person; (2) one officer or employee of a party that is not a natural person if that officer or employee has been designated as the party's representative by its attorney; (3) any person whose presence a party shows to be essential to presenting the party's claim or defense; or (4) a person authorized by statute to be present." *Id.* Based on these exceptions, the court finds that the exclusionary rule does not apply to Shon Harker, and the parties seemingly agree that the rule does not apply to Plaintiff's expert Rondeau (ECF 214; ECF 238). However, the court finds that the exclusionary rule does apply to Bean. He voluntarily withdrew as counsel for Plaintiff, and in light of this withdrawal, the court

does not find that he is essential to presenting Plaintiff's claims. The court further notes that this rule also applies to Defendant, thus Defendant may only have "one officer or employee of [Defendant] if that officer or employee has been designated as the party's representative by its attorney" present in the courtroom.

Defendant's Motion in Limine No. 8 regarding the Exclusionary Rule (ECF 185) is **GRANTED**.

### I. Motion in Limine No. 9 (ECF 186)

Defendant asks that the court "exclude testimony and argument regarding Plaintiff's expenditures related to advertising for the alleged 'orange trade dress'" (ECF 186). If there are any documents that Plaintiff has not produced to Defendant during discovery, the court agrees that evidence should be excluded from trial. However, any testimony or evidence that was disclosed is not precluded.

Turning again to the factors in *Woodworker's Supply*, 170 F.3d at 993, the court finds that Defendant would be prejudiced by the introduction of these documents that were not previously produced, there is insufficient time before trial to cure this prejudice, and accordingly, such introduction would be disruptive to the trial. Given those findings, Plaintiff's failure to produce these documents is neither substantially justified nor harmless. Those findings however do not apply to any evidence previously disclosed.

Defendant's Motion in Limine No. 9 regarding Advertising Expenditures (ECF 186) is **GRANTED IN PART** and **DENIED IN PART**. Any evidence related to expenditures for advertising not previously disclosed is excluded. The court denies any request to exclude evidence that was disclosed, including Harker's testimony as set forth in the declaration dated July 28, 2021 which was produced in discovery.

### J. Motion in Limine No. 10 (ECF 187)

Defendant asks that Plaintiff be precluded from presenting testimony about "out-of-court statements from unknown and undisclosed individuals that [Plaintiff] is the exclusive producer of orange sheathed bands" (ECF 187).

Pursuant to the Federal Rules of Evidence, hearsay is not admissible unless otherwise provided in a federal statute or other relevant rules. Fed. R. Evid. 802. The court finds that the statements referenced by Defendant in the motion constitute inadmissible hearsay, and any statement that Plaintiff seeks to introduce of statements made by the witnesses referenced in Harker's 2024 declaration, will be excluded from trial as they were not produced in discovery, there is no time to cure that, and Defendant would be prejudiced.

Defendant's Motion in Limine No. 10 regarding Hearsay and Undisclosed Testimony (ECF 187) is **GRANTED**.

### K. Motion in Limine No. 11 (ECF 193)

Defendant requests that the court "exclude representative samples from trial" of Plaintiff's elastic bands because Plaintiff "failed or refused to produce them in discovery" (ECF 193).

In Defendant's January 25, 2023 request for production No. 4, Defendant asked for "[r]epresentative samples of all tags, labels, signs, and packaging that have displayed or that will display the Asserted Marks, including documents sufficient to show every manner of presentation of the Asserted Marks in such materials" (ECF 218-5). Plaintiff responded on March 17, 2023, with some objections but indicated it would "produce responsive documents" (ECF 193-2). In communications on May 8, 2024 (ECF 193-3 at 3 "No representative samples of tags, labels, signs, or packaging displaying the asserted marks have been produced. Please supplement your responses

by providing a representative sample of the products Plaintiff alleges have trade dress protections."), and July 12, 2024 (ECF 193-4 at 2), Defendant again made a request for representative samples. Plaintiff indicated that it would provide representative samples (ECF 248) to Defendant, but never did so.

Turning again to the factors in *Woodworker's Supply*, 170 F.3d at 993, the court finds that Defendant would be prejudiced by the introduction of these samples that were not previously produced, there is insufficient time before trial to cure this prejudice, and accordingly, such introduction would be disruptive to the trial. Considering the record before the court, Plaintiff's failure to provide these samples also appears to have been willful and not in good faith. Plaintiff submitted declarations of its two current attorneys (Alan Bradshaw and Carson Fuller) and former attorney Stephen Bean, saying they had no recollection of discussion on representatives samples (ECF 218-2, 3 & 4) but the transcript of a recording of the meet and confer on May 9, 2024 demonstrates Mr. Bean knew of the sample request, and agreed to get the "five or six different configurations" to Defendant (ECF 248) but he failed to do so. Plaintiff argues it would "suffer unimaginable prejudice" if it were precluded from presenting samples at trial (ECF 218 at 4), but Plaintiff had notice, multiple requests for the samples from Defendant, and simply failed to produce them. Here, the prejudice to Defendant outweighs any prejudice to Plaintiff given the failure to produce the samples prior to the trial despite ample opportunity. The court is also unpersuaded by Plaintiff's argument that it had representative samples available for inspection. This is not responsive to the multiple requests of Defendant to produce a representative sample. As Defendant argues, and the court agrees, it is unfair to allow the jury to be the first individuals capable of examining a physical representation of the trade dress (ECF 193 at 6). Plaintiff's failure to produce the representative samples prior to trial is neither substantially justified nor harmless.

Defendant's Motion in Limine No. 11 to Exclude Representative Samples (ECF 193) is **GRANTED.**

### L.  Motion in Limine No. 12 (ECF 188)

Defendant moves the court to exclude evidence of damages related to Plaintiff's "research and development" for "purportedly creating the prototypes" (ECF 188).

Any records that contain a computation of damages not previously produced is excluded from trial. The court finds that the evidence related to the different calculations that have been produced during discovery is admissible and the jury should be able to weigh the evidence and decide the issue.

Defendant's Motion in Limine No. 12 on Damages Regarding "Research and Development" (ECF 188) is **GRANTED IN PART** and **DENIED IN PART**. Only the evidence not previously produced during discovery is excluded from trial.

### M.  Motion in Limine No. 13 (ECF 189)

Defendant seeks exclusion of damages of the "benefit conferred" (ECF 189). As the court has discussed in considering the other motions in limine, the parties will not be able to introduce at trial any evidence not previously disclosed in discovery. The evidence that has already been introduced, including through Harker's testimony, can still be introduced.

Defendant's Motion in Limine No. 13 regarding "Benefit Conferred" (ECF 189) is **GRANT IN PART** and **DENIED IN PART.** Only the evidence not previously produced during discovery is excluded from trial.

### N.  Motion in Limine No. 14 (ECF 190)

Defendant requests that the court exclude "any evidence or argument related to actual consumer confusion" (ECF 190). In pointing to Harker's 2024 declaration, Defendant argues that

Plaintiff "may seek to introduce previously undisclosed, speculative anecdotal evidence regarding actual consumer confusion between the parties' products" (*id.*).

In applying the factors from *Woodworker's Supply*, 170 F.3d at 993, the court agrees that this previously undisclosed evidence should not be permitted at trial.

Defendant's Motion in Limine No. 14 regarding Actual Consumer Confusion (ECF 190) is **GRANTED.**

### O. Motion in Limine No. 15 (ECF 191)

Defendant asks that the court "exclude all testimony from, opinions about, or reference to seven witnesses not timely or properly disclosed by Plaintiff" (ECF 191). In this motion, Defendant points to seven witnesses, not previously disclosed, that Harker referenced in his 2024 declaration, which was submitted well after the close of discovery (*id.*).

In applying the factors from *Woodworker's Supply*, 170 F.3d at 993, the court agrees that this previously undisclosed evidence should not be permitted at trial.

Defendant's Motion in Limine No. 15 regarding Witnesses Not Properly Disclosed (ECF 191) is **GRANTED.**

### P. Motion in Limine No. 16 (ECF 192)

Defendant seeks an order "excluding any evidence, comment, reference, or arguments regarding whether the Defendant is/were engaged in 'theft,' 'stealing,' 'fraud' or are 'thieves'" (ECF 192). Defendant further seeks exclusion of "any other characterization of Defendant's character or personification of their business practices" (*id.*).

The court agrees with Defendant that Plaintiff cannot ask the jury to "put themselves in Plaintiff's shoes" or refer to Defendant as "thieves." The court however does not find it appropriate to go through every iteration of possible derogatory words or theories the parties could present at

15

trial and place such prohibitions without the benefit of being able to consider the context under which it is given.

Defendant's Motion in Limine No. 16 to Exclude "Reptile Theory," "Golden Rule," and Mischaracterization of Defendant (ECF 192) is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff should refrain from referring to Defendant as thieves and asking the jury to place themselves in Plaintiff's, or Harker's, shoes. The court will rule on any other further objections related to these issues as they arise.

### Q.  Motion in Limine No. 17 (ECF 195)

Finally, Defendant moves for the exclusion of Plaintiff's expert Daniel Rondeau, or alternatively, that the court limit the scope of his opinions (ECF 195). The court needs to hear argument on this motion and therefore **RESERVES** ruling on this motion.

### III. VIDEO DEPOSITIONS OF RULE 30(b)(6) WITNESSES

The court acknowledges that under Federal Rule of Civil Procedure 32(a)(3), "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)."

While Rule 32 provides an exception to the rule against hearsay for Defendant's 30(b)(6) witnesses, "that does not mean the depositions are then automatically available for the Plaintiff to read into evidence in lieu of live testimony." *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 774 n.4 (10th Cir. 1999). "[T]he admission of deposition testimony still remains subject to the sound discretion of trial court," and "[it] has a perfect right to limit the use of the material if [the deposition] is repetitious or immaterial." *Id.* at 773 (quotation simplified).

Moreover, as a general rule, the court has an appreciable amount of discretion in running its courtroom, which includes "discretion to ensure that the jury's time [isn't] wasted and that

evidence [is] presented at trial efficiently." *United States v. Koerber*, 10 F.4th 1083, 1118 (10th Cir. 2021) (quoting *United States v. Banks*, 761 F.3d 1163, 1193 (10th Cir. 2014)). This principle is further enshrined in Federal Rule of Evidence 611(a), stating that courts "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence" to "make those procedures effective for determining the truth" and to "avoid wasting time." Furthermore, "Rule 403 grants courts a similar power to exclude cumulative evidence in the interests of trial efficiency, time management, and jury comprehension." *Koerber*, 10 F.4th at 1118 (quoting *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1314 (10th Cir. 2007)).

Taking those principles into consideration, the court finds that relying on video depositions when the witness is present in court and ready to testify is neither efficient and would not "avoid wasting time." The court further finds that to avoid cumulative evidence, in the interests of trial efficiency, time management, and jury comprehension, Plaintiff should not be permitted to rely on video deposition of Defendant's 30(b)(6) witnesses when they have a live witness available to testify at trial. If it becomes necessary to revisit this issue at trial, the court is willing to do so.

IT IS SO ORDERED.

DATED this 17 April 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah