IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC., <br> Plaintiff, <br> vs. <br> ORANGE WHIP FITNESS X, LLC, <br> Defendant. | **RULING RE: PUNITIVE DAMAGES** <br><br> Case No. 1:21-cv-00054-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's request to instruct the jury on punitive damages related to its claim asserted under Utah's common law Unfair Competition Law (UCL). The court heard argument from Plaintiff and Defendant on this issue and further allowed the parties to submit additional briefing (ECF 284; 285), which the court has reviewed. For the following reasons, the court determines that Plaintiff is not entitled to seek punitive damages related to its UCL claim.

The primary source for Plaintiff's argument comes from *Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F.4th 1222 (10th Cir. 2023). In that case, the plaintiff had prevailed on its UCL claim, and the district court awarded the plaintiff a disgorgement of the defendant's profits during the relevant time period. *Id.* at 1233. On appeal, the Tenth Circuit concluded that the district court had failed to consider whether punitive damages were available to a party related to its UCL claim. *Id.* at 1247. While the district court had determined that punitive damages were not appropriate because the defendant had not engaged "in reprehensible conduct," this analysis failed to "fully address the applicability of punitive damages." *Id.* Ultimately, the Tenth Circuit "decline[d] to address whether punitive damages are appropriate under the UCL before the district court ha[d] first considered the

1

issue." *Id.* The matter was therefore remanded so that the district court could consider whether punitive damages were "appropriate" in relation to that claim. *Id.*[1]

Plaintiff argues that the court in *Vitamins Online* concluded that punitive damages are unequivocally available for a party asserting a UCL claim. The court disagrees with Plaintiff's interpretation of *Vitamins Online*. The Tenth Circuit specifically stated it was declining to consider whether punitive damages are appropriate under the UCL, and instead remanded it back for further consideration. Thus, the issue of whether punitive damages are available in that case, and the present matter, has not been decided. To determine whether the jury should be instructed on punitive damages in relation to Plaintiff's UCL claim the court turns to Utah state law.

The Utah statute governing the basis for punitive damages states:

> Except as otherwise provided by statute, punitive damages may be awarded only if compensatory or general damages are awarded and it is established by clear and convincing evidence that the acts or omissions of the tortfeasor are the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others.

Utah Code Ann. § 78B-8-201(1)(a). In looking at the plain language of this statute, it is clear that punitive damages are only available "if compensatory or general damages are awarded." *Id.*; *see Diversified Striping Sys. Inc. v. Kraus*, 516 P.3d 306, 327 (Utah Ct. App. 2022) ("[T]he Utah Code provides that punitive damages are generally available 'only if compensatory or general damages are awarded . . . .'" (quoting Utah Code Ann. § 78B-8-201(1)(a))). Indeed, in *Ortega v. Ridgewood Ests. LLC*, 379 P.3d 18 (Utah Ct. App. 2016), the court even referred to this as "the statutory prerequisites for punitive damages." *Id.* at 28.

---

[1] A ruling following remand in *Vitamins Online* has yet to be issued; the court is thus without the benefit of that decision, and the parties have not pointed to any other case law from within the Tenth Circuit that has directly addressed the tension between the UCL and punitive damages.

In *Ortega*, the court also noted that "a punitive damage award must comply with both statutory and common law standards." *Id.* at 27. But this statement refers to the "award," meaning the appropriate amount of punitive damages a party can receive, not whether the "prerequisites for punitive damages" have been met. *See id.* The courts in *Ortega* and *Vitamins Online* also referenced factors that were discussed by the Utah Supreme Court in *Crookston v. Fire Ins. Exch.*, 817 P.2d 789 (Utah 1991). Those factors however are irrelevant to the present matter.[2] The Utah Supreme Court in *Crookston* determined that case law on punitive damages was not satisfactory "with articulated standards for determining the amount of such awards." *Id.* at 808. Accordingly, the court provided additional factors that "must be considered in assessing *the amount* of punitives to be awarded." *Id.* (emphasis added). As previously stated, the amount of punitive damages is not at issue. Rather, whether punitive damages are available to Plaintiff, if it is successful on its UCL claim, is the question before the court.

Turning to the question at hand, as the court noted, the prerequisites to punitive damages under Utah law require that the acts or omissions of the tortfeasor rise to a certain level of reprehensibility, but they also require that "compensatory or general damages are awarded." Utah Code Ann. § 78B-8-201(1)(a). Accordingly, unless Plaintiff is entitled to compensatory or general damages in relation to its UCL claim, Plaintiff will not be entitled to punitive damages.

---

[2] The court is aware that in *Vitamins Online*, the Tenth Circuit indicated that the district court should assess the *Crookston* factors, but it also determined that the district court should decide "whether punitive damages are appropriate under the UCL." *Vitamins Online*, 71 F.4th at 1247. As discussed above, the seven factors in *Crookston* concern the amount of punitive damages that should be awarded, and not whether such an award is appropriate in the first place or, in other words, whether a plaintiff is entitled to seek such an award based on their asserted claims. Thus, the court reconciles the Tenth Circuit's instructions in *Vitamins Online* by interpreting it as instructing the district court to first determine whether punitive damages are available to the plaintiff based on its claim and then, if such damages are available, the court should consider the *Crookston* factors to determine the appropriate amount to award. This court has determined that punitive damages are not available to Plaintiff, therefore it is not necessary to consider the factors relevant to determining the amount of such an award.

In its briefing, Plaintiff cites to *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, 2022 WL 13848274 (S.D.N.Y. Oct. 24, 2022) in support of its position that this court must allow the jury to decide punitive damages (ECF 284). In the *Lexington* case, the court allowed a punitive damages award to be based on the disgorgement of profits, which was awarded pursuant to the plaintiff's Lanham Act claim. *Id.* *9–10. This case however is not controlling and goes against precedent within the Tenth Circuit.

First, the court notes that courts outside of the Tenth Circuit have found that an accounting under the Lanham Act may be available in different circumstances, and "[c]ourts have interpreted the rule to describe three categorically distinct rationales." *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir. 1992). Thus, the court recognizes that different circuits have treated disgorgement differently, and there may be situations where disgorgement is based on an unjust enrichment theory and others based on situations where the plaintiff sustained damages. *See id.* Examples of damages sustained by a plaintiff related to trade dress infringement include "diverted sales and injured reputation." *See id.* at 1539. As addressed below, these are not present in this matter.

Beyond the different rationales recognized as supporting an award of disgorgement of profits, the court finds that the most persuasive authority is an opinion from the District of Utah, where Judge Kimball determined "that, under the Lanham Act, the disgorgement remedy is equitable in nature." *Vitamins Online, Inc. v. HeartWise, Inc.*, No. 2:13-CV-00982-DAK, 2019 WL 6682313, at *26 (D. Utah Sept. 24, 2019). This court provided more detail regarding this opinion in its Ruling Re: Disgorgement of Profits (ECF 280), where it noted that within the Tenth Circuit, disgorgement is viewed to as an "equitable remedy" for compensation under the Lanham Act (*id.*

4

at 3–4), particularly when it is based on an unjust enrichment theory as opposed to situations where the plaintiff has sustained damages.

Moreover, based on the court's ruling on three of the parties' motions in limine (ECF 278), and the evidence that was produced during trial, the court further determines that the Plaintiff's disgorgement request is not based on any actual damages sustained. In that earlier ruling, the court addressed the relevant facts of this case and determined, based on the failure to disclose evidence of any such damages, that Plaintiff was "precluded from presenting evidence related to damages Plaintiff may have suffered in the form of loss of goodwill" or "reputational harm" (ECF 278 at 3–6). Furthermore, based on the fact that Plaintiff's breach of contract claim had been dismissed, the court ruled that Plaintiff was precluded from presenting evidence that it "should be able to recover the amount it would have received if an enforceable agreement had been reached between the parties" (*id.*).[3]

For these reasons, the court declines to apply the reasoning of the *Lexington* case. This court has previously described disgorgement under the Lanham Act as an equitable remedy, and the facts of this case support finding that the rationale supporting the disgorgement being sought in this matter is unjust enrichment, which is also an equitable remedy. Because Utah law provides that "punitive damages may be awarded only if compensatory or general damages are awarded," *see* Utah Code Ann. § 78B-8-201(1)(a), Plaintiff's request to instruct the jury on punitive damages is DENIED.

DATED this 24 April 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah

---

[3] Plaintiff also has not claimed that it has sustained any damages based on diverted sales and no evidence has been presented that would support that theory.