**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| HARK'N TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE WHIP FITNESS X, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [428] DEFENDANT'S MOTION TO STAY PERMANENT INJUNCTION PENDING APPEAL**<br><br>Case No. 1:21-cv-00054-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is Defendant Orange Whip Fitness X, LLC's (Orange Whip) Motion to Stay the Permanent Injunction Judgment Pending Appeal (Motion) (ECF 428). The court also considered Plaintiff Hark'n Technologies Inc.'s (Hark'n) Response (ECF 430), Orange Whip's Reply (ECF 443), and the arguments made at the hearing on September 15, 2026 (ECF 500). Having carefully considered the relevant filings and oral argument, for the reasons set forth below, the court DENIES Orange Whip's Motion (ECF 428).

## I. BACKGROUND

After a weeklong trial, on April 28, 2025, a jury found in favor of Hark'n on its claims for trade dress infringement, unfair competition, and unjust enrichment (ECF 300). The jury found that Hark'n had proven it has a protectable trade dress, and that Orange Whip is liable for willful trade dress infringement under the Lanham Act (*id.*). The jury also found that Orange Whip willfully engaged in unfair competition under Utah common law and that Orange Whip was unjustly enriched (*id.*). Hark'n's trade dress consists of elastic bands of varying lengths, girths, and resistances that are covered in orange, crinkled sheathing (Orange Trade Dress) (ECF 409 at

2). On September 26, 2025, the court issued three decisions: the first order denied Orange Whip's motion for a new trial, to set aside the jury verdict and/or stay the judgment pending appeal (ECF 404) (New Trial Order); the second order granted Hark'n's request for disgorgement of profits, denied an enhancement, and granted a permanent injunction (Disgorgement Order) (ECF 407); the third entered the Permanent Injunction (Permanent Injunction) (ECF 409). Orange Whip filed the present Motion on October 28, 2025 (ECF 428), requesting that the court stay the Permanent Injunction pending Orange Whip's appeal.

## II. DISCUSSION

Orange Whip cites Federal Rule of Civil Procedure 62(d), which states "[w]hile an appeal is pending from a[] . . . final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citing *Clinton v. Jones,* 520 U.S. 681, 708 (1997)). The court considers four factors when considering a motion to stay pending appeal: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Cmty. Television of Utah, LLC v. Aereo, Inc.,* 997 F. Supp. 2d 1191, 1209 (D. Utah 2014) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). "With respect to the four stay factors, where the moving party has established that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed." *Id.* (quoting *F.T.C. v. Mainstream Marketing Services, Inc.,* 345 F.3d 850, 852 (10th Cir. 2003)).

**A. Orange Whip Has Not Demonstrated It Is Likely to Succeed on the Merits.**

In the present Motion, Orange Whip again argues that Hark'n failed to prove non-functionality, never provided consumer-impact evidence, and that the trade dress was not specially articulated and is generic (ECF 428). These same arguments were made in multiple pleadings and addressed in the New Trial Order and/or Injunction Order (*see* ECF Nos. 404 and 407). Hark'n has now had multiple bites at the apple on these same arguments, which the court has not found persuasive. The court finds Orange Whip has not made a strong showing that it is likely to succeed on the merits of Hark'n's claims.

**B. Orange Whip Has Not Demonstrated Irreparable Injury.**

At the hearing, the court asked whether the issues raised in the present Motion were still live, noting that the many filings since the verdict reflected confusing or inconsistent positions (ECF 500). On September 26, 2025, the court entered the Permanent Injunction, which required compliance by October 27, 2025 (*see* ECF 409). The Permanent Injunction specifically ordered Orange Whip to do the following: (1) destroy or remove the orange-colored sheathing from covered products in its possession, custody, control, or inventory; (2) cease advertising, selling, or using products creating a likelihood of confusion, including using Plaintiff's Orange Trade Dress for Defendant's products; and (3) provide sufficient proof that the required destruction or modification occurred (ECF 409 at 3–4, ¶¶ 1.b., 2.a.–b., 3). On October 27, 2025, Orange Whip filed its Certificate of Compliance (ECF 425 at 1, 3).

The day after filing its Certificate of Compliance, Orange Whip filed the present Motion indicating that compliance "would require halting production and distribution of key products" and cause financial strain (ECF 428 at 18). The present Motion and Certificate of Compliance therefore are at odds: one claims compliance (ECF 409), while the other states complying would

halt production and distribution, suggesting that, at the very least, full compliance was not completed (ECF 428).

Further adding to the confusion is the June 5, 2026, Declaration of Douglas J. Wald, asserting both compliance with the Permanent Injunction, but also highlighting the opposite, namely that some infringing images were "missed" from being removed from the website and/or social media page, and that subscription training videos which contained the Orange Trade Dress were still in use, albeit "behind a paywall." (ECF 493-2 at 4). At the hearing, Orange Whip confirmed that, as of the date of the hearing, it was fully compliant, meaning it had removed the "missed" images and the subscription training videos depicting infringing products were no longer active.

The confusion centers on why a stay was necessary. If Orange Whip had already fully complied with the Permanent Injunction, as it certified in its Certificate of Compliance, it remains unclear why a stay was even necessary. At the hearing, Orange Whip clarified that a stay was still necessary because some of its customers pay a subscription to access training videos that help them use the products. Orange Whip explained that while it had removed the training videos depicting infringing products, a stay would allow it to resume using those videos.

While Orange Whip took the position that these did not violate the Permanent Injunction, it admitted some videos contained the Orange Trade Dress of Plaintiff, and that these training videos, as subscribed to, generated money through a subscription fee. Frankly, it is not clear how this demonstrates irreparable injury to Orange Whip. Instead, Orange Whip asks this court to allow it to continue using the infringing product in subscriber training videos. This does not demonstrate irreparable injury to Defendant.

### C. Issuance of a Stay will Substantially Injure Plaintiff.

For the reasons detailed above, Plaintiff will be substantially injured if the court issues a stay. According to Orange Whip, granting a stay would allow it to return to the status quo: using the subscriber training videos that contain the Orange Trade Dress. Orange Whip argues that because the orange-sleeve bands depicted in the videos are not offered for sale and are used only in training videos, it should be permitted to use them. Given the verdict and the finding of willful infringement, this use would substantially injure Plaintiff. The court also finds that this use violates the Permanent Injunction, as these videos directly or indirectly cause or create a situation likely to cause confusion or deception. The court's reasoning is found in its Order granting Hark'n's Motion to Hold Defendant in Civil Contempt (ECF 431) filed simultaneously with this ruling.

### D. Public Interest

The public interest is served by preventing the public from being confused or deceived by Orange Whip's continued use of the Orange Trade Dress and by protecting Hark'n's intellectual property rights.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES Orange Whip's Motion (ECF 428).

IT IS SO ORDERED.

DATED this 28 September 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah